Wilson, P. J.
Plaintiff Kellogg, a United States deputy mineral surveyor, was employed by defendant to survey for patent a group' of mining claims, and do everything necessary to secure a receiver’s receipt from the proper United States land office. The amount agreed upon as compensation to be paid for the services was $550.00, payment to be made at certain specified times during the progress of the work. The contract was in writing. Two of the stipulated partial payments, aggregating a total of $220.00, were made, and this controversy concerns the .third payment, which was under the terms of the contract to be made upon the approval of the survey by the surveyor-general. The plaintiff claimed this amount to be $165.00, for which sum he brought suit and obtained judgment. Defendant excepted to the judg *246 ment, and asked the court to correct it, deducting $40.00 from the amount on account of advertising. The case having been originally commenced before a justice of the peace, there were no written pleadings, and so far as we can understand from the imperfect and indefinite abstract presented, the exception of defendant to the amount of the judgment and his request that it be reduced $40.00, are based upon this one of the several clauses in the written contract specifying times and amounts of payments: “Upon approval of survey by surveyor-general, the amount of cost of advertising, and one-half the balance of said $550.00 after deducting amounts already paid, and the remainder of the whole amount, when the case is fully prepared for final presentation at United States Land Office.”
We think the contention of defendant' not well founded. By the terms of the agreement as it plainly reads and as it must be construed, the defendant was to pay at that time -not only the amount of the costs of advertising, but also one-half of the balance of the $550.00 remaining after deducting the two previous payments which aggregated $220.00. This would leave a balance of $330.00, the one-half of which would be $165.00. In reality it would seem that the plaintiff was then entitled to receive not only this one-half, amounting to $165.00, but also $40.00 additional, the cost of advertising. If, therefore, we allow the contention of defendant that the $40.00 should first be deducted from the $330.00, we leave a balance of $290.00, the one-half of which would be $145.00. This, added to the $40.00, would make a sum total of $185.00, instead of $165.00, which the plaintiff sued for, and for which he obtained judgment. We do not see upon what ground the defendant can complain, if the plaintiff sued and obtained *247 judgment for less than he really might have done. He is certainly not prejudiced.
This seems to he the only question in the case, and the judgment will he affirmed. Affirmed.